# Court of Appeals
## Tenth Appellate District of Texas

### 10-25-00106-CR

Larry Lee Johnson,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
19th District Court of McLennan County, Texas
Judge Thomas C. West, presiding
Trial Court Cause No. 2023-700-C1

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Larry Lee Johnson was convicted of Sexual Assault and Aggravated Kidnapping and sentenced to 20 years and 99 years, respectively, in prison. Having found no error, we affirm the trial court's judgment concerning the Sexual Assault conviction and affirm the trial court's judgment concerning the Aggravated Kidnapping conviction as modified.

## BACKGROUND

In March of 2020, as Michelle Balthrop walked to a convenience store in Waco, Texas, a black man in a dark sedan pulled up, flashed a badge and handcuffs at her, and told her to get in the car or she was going to jail. He told her that he was a bounty hunter. She complied with his demand. After she got in the car, the man drove to a secluded industrial area where he sexually assaulted her. When she cried during the assault, the man told her to "shut up or I'll kill you." Afterward, Balthrop was released in an unfamiliar area. She told the man who assaulted her that she was going to call the cops. He replied, "Good luck with that. I'll just tell them you were a prostitute."

Johnson was a known bounty hunter in the area, and his vehicle and three numbers of his license plate matched Balthrop's description of both given to the police. Further, Johnson could not be excluded as a contributor to the biological evidence collected from Balthrop during her sexual assault exam.

## EXTRANEOUS OFFENSE EVIDENCE

In his first two issues, Johnson complains the trial court abused its discretion in admitting an extraneous offense of sexual assault through the testimony of Monique Brown. He asserts that the offense against Brown was not sufficiently similar to the charged offense and that the probative value of the offense was outweighed by the danger of unfair prejudice.

*404(b)*

Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. TEX. R. EVID. 404(b)(1). It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* (b)(2). These "exceptions" are neither mutually exclusive nor collectively exhaustive. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009); *Pondexter v. State*, 942 S.W.2d 577, 583-84 (Tex. Crim. App. 1996).

We review a trial court's decision to admit or exclude extraneous offense evidence for an abuse of discretion. *Perkins v. State*, 664 S.W.3d 209, 217 (Tex. Crim. App. 2022); *Holland v. State*, 702 S.W.3d 836, 838 (Tex. App.—Waco 2024, pet. ref'd). The trial court does not abuse its discretion unless its determination lies outside the zone of reasonable disagreement. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). If the trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed on appeal even if the trial judge gave the wrong reason for a correct ruling. *De La Paz*, 279 S.W.3d at 344.

Outside the presence of the jury, the State called Monique Brown to

testify that Johnson had sexually assaulted her 10 years earlier, five years prior to the assault on Balthrop, when he provided her with a ride through his transportation business.

She told the court that one night in April of 2015, she was at some friends' place in Waco and needed a ride back to her place. Someone suggested that she call Johnson who had a ride service. She was also told he was a bounty hunter. Johnson picked up Brown but did not take her to her place. Instead, he took her to an apartment complex, claiming he needed to switch shifts with his sister. Brown and Johnson went to his "office" which looked more like an apartment to Brown, but the sister was not there.

Brown told Johnson that her phone was almost dead, and he directed her to the bedroom where a charging cord was located. As Brown bent down to get the charger from the plug and raised back up, Johnson attacked her from behind, placing her in a headlock and choking her. Brown began kicking and screaming but was losing her breath. She lost consciousness.

At some point, Johnson began "raping" her. He forced her to lay down on the bed, "strong-armed" her to take off her clothes, took off his clothes, and started to sexually assault her. Brown said she was scared and told Johnson to let her go. He would not. She continued to scream and kick. Johnson told her to shut up or he would "break her face." Eventually, Johnson let her go to

the bathroom where he threw her clothes at her and told her that if she told anyone, he was going to hurt her. He said he knew people, and if Brown mentioned what had happened, no one would believe her, and she would get in trouble.

Brown never got to where she was going. Johnson dropped her off near where she had been picked up.

On appeal, Johnson argues that Brown's testimony should not have been admitted because it did not meet the identity/*modus operandi* exception to Rule 404(b). Specifically, he asserts that the offense against Brown was too dissimilar to the offense against Balthrop for the State to be able to establish identity under *modus operandi*. But at trial, the State did not assert identity/*modus operandi* as an exception to Rule 404(b). Instead, it argued that Brown's testimony was admissible to show lack of consent which placed Johnson's intent at issue. In response, Johnson only asserted that he did not open the door to the introduction of an extraneous offense by contesting consent; he claimed he was simply "talk[ing] in generalities."

Johnson did not assert to the trial court the concepts of identity and *modus operandi* or that Brown's testimony was too dissimilar to be admitted as an exception to Rule 404(b). Accordingly, Johnson's complaint on appeal is not properly preserved for our review, and his first issue is overruled. *See* TEX.

R. APP. P. 33.1(a); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009).

### *Rule 403*

Texas Rule of Evidence 403 allows the trial court to exclude evidence that may be otherwise relevant "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. We also review a trial court's decision to admit or exclude extraneous offense evidence under Rule 403 for an abuse of discretion. *Perkins v. State*, 664 S.W.3d 209, 217 (Tex. Crim. App. 2022).

To determine whether evidence is admissible under Rule 403, we use the *Montgomery* factors: (1) the strength of the evidence's probative value; (2) the potential for the evidence to "impress the jury in some irrational but nevertheless indelible way;" (3) the amount of time required at trial to develop the evidence; and (4) the proponent's need for the evidence. *Hart v. State*, 688 S.W.3d 883, 891 (Tex. Crim. App. 2024); *Montgomery v. State*, 810 S.W.2d 372, 389-90 (Tex. Crim. App. 1990) (op. on reh'g). All testimony and physical evidence are likely to be prejudicial to one party or the other. *Davis v. State*, 329 S.W.3d 798, 806 (Tex. Crim. App. 2010). It is only when there exists a clear disparity between the degree of prejudice of the evidence offered and its

probative value that Rule 403 is applicable. *Id.*

Johnson argues he was unfairly prejudiced by Brown's testimony because (1) the offense against Brown was too remote, occurring 10 years before Brown testified, (2) Johnson was 56 years old at the time of trial and had no previous felony convictions, and (3) no limiting instruction was given before Brown testified. These complaints relate only to *Montgomery* factors one and two. Thus, we confine our discussion to these factors as well.

While remoteness of an extraneous-offense evidence can impact its probative value, remoteness alone is not sufficient to render it excludable under Rule 403. *Guedea v. State*, 683 S.W.3d 549, 553 (Tex. App.—Waco 2023, no pet.). Remoteness is only one aspect of an offense's probative value to consider. *See Dials v. State*, 717 S.W.3d 674, 680 (Tex. App.—Waco 2025, pet. ref'd); *Newton v. State*, 301 S.W.3d 315, 318 (Tex. App.—Waco 2009, pet. ref'd). In this case, although it had been 10 years since the offense against Brown had occurred, the offense actually occurred only five years prior to the offense against Balthrop. Further, the two offenses were similar. Both Brown and Balthrop were unestablished residents of Waco with no employment and no means of transportation. Johnson lured both into situations where he could sexually assault them by means of his businesses, being a bounty hunter and operating a pay-to-ride business. He threatened to hurt both Brown and

Balthrop when they cried out as Johnson was sexually assaulting them; and, when each said they would call police, Johnson gave them the impression that no one would believe them. Thus, we do not believe under these circumstances that the remoteness, if any, of the extraneous offense against Brown rendered its probative value so weak as to cause it to be inadmissible under Rule 403. *See Harty v. State*, 552 S.W.3d 928, 935 (Tex. App.—Texarkana 2018, no pet.).

Next, since Johnson was eligible for probation for the sexual assault conviction, the jury was given the opportunity to recommend that he be placed on probation. It did not choose that option. Any potential for Brown's testimony to "irrationally impress" the jury so that it would not recommend placing Johnson on probation is offset by the statutory inability of the jury to also recommended probation for Johnson's aggravated kidnapping conviction, *see* TEX. CODE CRIM. PROC. art. 42A.056(5). The sentences for each offense were ordered to run concurrently. Thus, any recommendation for probation for the sexual assault conviction would be a nullity because of the required prison time for the aggravated kidnapping conviction. Further, the jury also heard from two other witnesses at the punishment phase of the trial who had been sexually assaulted by Johnson, both with similarities to the charged offense and the extraneous offense. Thus, after reviewing the record, we do not believe that the potential for the extraneous offense evidence to "impress the jury in

some irrational but nevertheless indelible way" was strong enough to render the extraneous offense inadmissible.

Lastly, Johnson did not request a limiting instruction prior to Brown's testimony before the jury. Consequently, Brown's testimony was admitted for all purposes. *See Delgado v. State*, 235 S.W.3d 244, 254 (Tex. Crim. App. 2007). Nevertheless, a limiting instruction was given in the charge thus providing the jury with the purpose and scope for which they could consider the evidence, and we generally presume that a jury will follow the judge's instructions. *Dials v. State*, 717 S.W.3d 674, 681 (Tex. App.—Waco 2025, pet. ref'd). Again, after reviewing the record, we do not believe that the lack of a limiting instruction due to Johnson's failure to request one, had any potential to "impress the jury in some irrational but nevertheless indelible way" as to render the offense inadmissible.

Accordingly, after the Court's review of the record, and based on Johnson's arguments, we cannot say the trial court abused its discretion in determining the probative value of the extraneous offense evidence was not substantially outweighed by the danger of unfair prejudice. Johnson's second issue is overruled.

## COUNT III JUDGMENT

In his last issue, Johnson asserts that the Judgment of Conviction on

Count III must be vacated because there is no jury verdict as to a Count III.

The jury was charged with and found Johnson guilty of Count II, Aggravated Kidnapping; however, the judgment reflects that Count III, not Count II, is assigned to the Aggravated Kidnapping conviction. The State essentially contends that the Count referenced in the Aggravated Kidnapping judgment is a clerical error, and it requests that we modify the trial court's judgment to "speak the truth." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). After reviewing the record, we agree with the State. Accordingly, we overrule Johnson's third issue and modify the trial court's Judgment of Conviction regarding the offense of Aggravated Kidnapping to reflect the Count number as Count II, rather than Count III.

**CONCLUSION**

Having overruled each of Johnson's issues on appeal, but having found the trial court's Aggravated Kidnapping judgment necessitates modification, we affirm the trial court's judgment as to the offense of Sexual Assault (Count I) and affirm the trial court's judgment as to the offense of Aggravated Kidnapping (Count II) as modified.

_____

LEE HARRIS
Justice

OPINION DELIVERED and FILED:  August 6, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed in part; Affirmed as modified in part
Do Not Publish
CRPM

